68 F.3d 484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 RUBY DRILLING COMPANY, INC. Plaintiff-Appellee,
v.
D.L. COOK, Defendant-Appellant.
 No. 95-8015
 United States Court of Appeals, Tenth Circuit.
 Oct. 12, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Cook, who was the defendant in the trial court, appeals an adverse judgment, pro se. We exercise jurisdiction and affirm the judgment of the district court.
 
 
 3
 This controversy arises from the aborted attempt to drill a gas well. Ruby Drilling Company and Mr. Cook entered into an agreement whereby Ruby Drilling was to drill a gas well upon a lease owned by Mr. Cook. Ruby Drilling commenced the hole and the well began to experience extensive sloughing. The well was then plugged and abandoned. Ruby Drilling Company filed suit to collect for the amount due and Mr. Cook counterclaimed asserting negligence and breach of warranty and removed the suit to federal court based upon diversity of citizenship.
 
 
 4
 Trial was held upon the issues to the court sitting without a jury. The trial court basically found in favor of Ruby Drilling Company and against Mr. Cook. Specifically the trial court found Ruby Drilling substantially performed its obligations under the agreement and was entitled to payment for materials and services. The trial court further found that Ruby Drilling did not breach its contract and that Mr. Cook was not entitled to damages on his counterclaims alleging negligence and breach of warranty. Judgment was then entered against Mr. Cook and in favor of Ruby Drilling Company for $19,025 plus interest.
 
 
 5
 Mr. Cook appeals this decision pro se. The brief consists solely of a factual argument which apparently ignores the evidence presented by Ruby Drilling. Mr. Cook fails to realize this court must accept the factual conclusions of the trial court so long as they are supported by evidence. The trial court personally heard the witnesses and saw their demeanor. All this court has seen is the record on appeal. The record on appeal is inadequate to overturn the factual findings of the trial court.
 
 
 6
 We also note that Mr. Cook's brief to this court ignores nearly every rule of this court relating to briefs. The brief fails to state the issues and fails to state where in the record the issues were raised and ruled upon. In fact, it appears Mr. Cook argues some facts which were never presented to the trial court. The brief is simply a factual argument without reference to the transcript asking this court to reach a different conclusion than that reached by the trial court.
 
 
 7
 Mr. Cook has failed to persuade this court of any error made by the trial court, either factual or legal. The judgment of the trial court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470